JANE DOE,
Plaintiff, In Pro Per
Safe at Home Participant (under seal if required)

FILED
DEC 19 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE,
Plaintiff,

v.

CLERK OF THE SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SANTA CLARA, in official capacity;
and DOES 1–10,
Defendants.

C Case No.: 25 10861

VKD

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

**EMERGENCY – IMMEDIATE AND IRREPARABLE HARM**

INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") is a certified participant in California's Safe at Home Address Confidentiality Program and a disabled individual protected under federal and state law. Plaintiff respectfully submits this Ex Parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause re Preliminary Injunction due to Defendants' ongoing and knowing failure to comply with mandatory, non-discretionary statutory duties requiring immediate protection of Plaintiff's personal identifying information ("PII") and provision of reasonable accommodations under ADA Title II.

Despite repeated verbal, written, and in-person notice over more than seven months, Defendants have continued to publicly disclose Plaintiff's address, phone number, and identifying information on court-controlled public systems. Plaintiff is a survivor of violent crime and domestic violence. This disclosure places her at imminent risk of serious bodily harm.

Immediate injunctive relief is required.

I. **JURISDICTION AND AUTHORITY**

This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, as this action arises under the United States Constitution, ADA Title II (**42 U.S.C. § 12131 et seq.**), and federal civil rights law. The Court has authority to issue emergency injunctive relief pursuant to Federal Rule of Civil Procedure 65.

II. LEGAL STANDARD

A TRO is appropriate where the movant demonstrates:

1. Likelihood of success on the merits;

2. Likelihood of irreparable harm absent relief;

3. Balance of equities in the movant's favor; and

4. Public interest served by relief.

Each factor is satisfied here.

III. SAFE AT HOME STATUTES REQUIRE IMMEDIATE REMOVAL OF PII

California Government **Code §§ 6205–6211 mandate** confidentiality for Safe at **Home participants. Under §§ 6207 and 6215.5**, state and local agencies—including courts—must immediately protect a participant's identifying information upon notice.

These protections are automatic and non-discretionary. They do not require:

Judicial permission

A noticed motion

An ex parte hearing

Legal advice

The duty arises upon notice.

## IV. ADA TITLE II AND CALIFORNIA LAW REQUIRE ACCOMMODATION

**Under 28 C.F.R. § 35.130(b)(7), California Government Code § 11135, and California Rules of Court, Rule 1.100,** public entities must provide reasonable modifications and engage in an interactive process.

Plaintiff repeatedly requested reasonable accommodations, including:

Administrative processing of Safe at Home protections

Assistance with filings and clarification

Acceptance of filings without improper rejection

Email-based communication

Defendants failed to engage in the required process and instead imposed procedural barriers that denied Plaintiff meaningful access to the **courts.**

## V. ATTORNEY ABANDONMENT AND PROCEDURAL IMPOSSIBILITY

Plaintiff initially retained counsel and had only two cases. At counsel's direction, Plaintiff filed more than thirty additional cases and was then abruptly abandoned, leaving a disabled Safe at Home participant to manage dozens of cases alone.

Defendants were repeatedly notified and nevertheless demanded attorney-level compliance, creating an impossible and discriminatory barrier.

## VI. PROCEDURAL FAILURES AND OBSTRUCTION

Defendants' failures include:

Holding November 7 filings for ~20 days without notice

Failing to notify Plaintiff of an October 20 rejection

Rejecting CM-020 filings despite illness and disability

Forcing Plaintiff to attend court while acutely ill

Hanging up during requests for help

Providing contradictory instructions

These failures directly caused the present emergency.

**VII. IRREPARABLE HARM**

Plaintiff faces credible risk of stalking, retaliation, and physical harm. Medical providers link Plaintiff's severe sleep deprivation, PTSD exacerbation, and physical illness directly to Defendants' conduct. No monetary damages can remedy this harm.

**As shown in Exhibit E, opposing counsel was able to file pleadings disputing my Safe-at-Home protections solely because the Court failed to remove my personal identifying information from public access."**

**VIII. BALANCE OF EQUITIES & PUBLIC INTEREST**

Defendants face minimal administrative burden. Plaintiff faces risk to life and safety. Public interest is served when courts comply with safety statutes, protect disabled litigants, and uphold the law.

**IX. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

1. Issue a TRO requiring immediate removal and redaction of Plaintiff's PII from all public systems;

2. Order administrative Safe at Home compliance across all Plaintiff's cases without repetitive motions;

3. Enjoin further disclosure;

4. Issue an Order to Show Cause re Preliminary Injunction; and

5. Grant any further relief deemed just and proper.

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 19, 2025
San Jose, California

JANE DOE,
Plaintiff, In Pro Per
Safe at Home Participant (under seal if required)

U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br><br>v.<br><br>CLERK OF THE SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF SANTA CLARA, in official capacity;<br>and DOES 1–10,<br>Defendants. | **Case No.:**<br><br>IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>**EMERGENCY – IMMEDIATE AND IRREPARABLE HARM** |

I, Jane Doe, declare as follows:

1. I am the Plaintiff in this matter. I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. I am a certified participant in California's Safe at Home Address Confidentiality Program pursuant to **Government Code §§ 6205–6211** (Participant #2678). I am also a disabled individual protected under ADA Title II, California Government Code § 11135, and California Rules of Court, Rule 1.100.

3. I am a survivor of violent crime, including sexual assault and domestic violence. Disclosure of my home address, phone number, or identifying information places me at serious risk of physical harm, stalking, retaliation, and re-traumatization. Safe at Home exists specifically to prevent this harm.

**NOTICE TO THE COURT BEGINNING APRIL 2025**

4. In April 2025, I was first notified that my personal identifying information was publicly accessible through Santa Clara Superior Court online systems. I immediately contacted the Court by phone to notify staff that I was a Safe at Home participant and that my information must be removed.

5. On May 16, 2025, while filing amended complaints in person in the NorCal and Wanderlust matters, I again notified clerk staff and escalated to a supervisor that I was a Safe at Home participant and that my identifying information was being publicly displayed. I was told I needed to "get legal advice."

6. I continued to provide verbal, written, and in-person notice to the Court throughout May, June, July, August, September, October, November, and December 2025, including repeated escalation requests.

**ATTORNEY ABANDONMENT**

7. I initially retained attorney Eunice Chang in June 2025. At that time, I had two active cases.

8. On August 5, 2025, at my attorney's direction and with assurances of representation, I filed eleven additional cases. Shortly thereafter, my attorney instructed me to file more than thirty additional cases, assuring me she would handle them and that the work was tied to a law-study arrangement.

9. On or about August 20, 2025, my attorney abruptly withdrew and abandoned representation, leaving me — a disabled Safe at Home participant — with over thirty active cases, no protection, and no guidance.

10. I repeatedly notified the Court of this abandonment and my inability to comply with attorney-level procedural demands. The Court nevertheless continued to impose barriers and reject filings.

**SAFE AT HOME FILINGS AND CLERK OBSTRUCTION**

11. Beginning October 3, 2025, after receiving direct assistance from Safe at Home program staff, I repeatedly attempted to submit a sixteen-page Safe at Home emergency packet. It was rejected four or five times by deputy clerks, who refused to tell me what was allegedly missing.

12. I made approximately four urgent calls requesting mediation and escalation, explaining that my life was in danger. The packet was only accepted after I demanded escalation to a manager identified as Lisa, who instructed staff to "just go ahead and accept it."

13. Even after acceptance, no immediate administrative suppression of my identifying information occurred. Instead, the Court scheduled a hearing three to four months later, during which my protected information remained public.

**NOVEMBER 7 DROP-OFF AND HELD FILINGS**

14. On November 7, 2025, I arrived at the courthouse approximately five minutes before closing while ill and disabled. I remained nearly three hours, but was unable to complete all filings before staff stopped processing documents.

15. The Court then held my November 7 filings for approximately twenty days without notice. These filings included more than a dozen CM-020 applications, amended complaints, and Safe at Home-related documents.

16. On November 25, 2025, I called to ask whether my filings were processed and whether my information had been removed from the internet. I spoke with a clerk identified as Alex, who told me no and refused assistance, stating only that I needed to "file an ex parte."

17. I explained — while my caregiver was present and the call was recorded — that I did not understand, that my filings were already marked ex parte, and that I needed accommodation. The clerk responded dismissively and terminated the call.

18. I sent a follow-up email at approximately 5:00 a.m. on November 26, 2025, documenting confusion, rudeness, and the abrupt hang-up. Only after this escalation did some of my long-held filings finally appear, postmarked and received on November 29, 2025.

18.b **EXHIBIT P — Evidence of Filing Delays, Misdated Filings, and Continued Holding of Plaintiff's Documents December 11, 2025 e-filing.Filing Delays and Misdated Filings**
As reflected in Exhibit P, filings I submitted on or about December 11, 2025 — including First Amended Complaints and Safe-at-Home related documents — are reflected in the Court's e-filing system as filed on later dates or remain pending for extended periods. These delays and misdated entries are not attributable to me and have caused prejudice, extended exposure of my personal identifying information, and significant emotional and medical distress. I have no control over these delays, yet I bear the consequences of them.

**ADA ACCOMMODATION FAILURES**

19. I repeatedly requested reasonable accommodations, including assistance with filing, communication by email, administrative processing of Safe at Home protections, and acceptance of filings without improper rejection.

20. I contacted the ADA Coordinator by phone and email on numerous occasions, including September 29, October 14, October 21, October 22, November 13, November 19, November 26, December 1, December 2, December 5, and December 9, 2025. No meaningful accommodation or corrective action occurred.

21. As a result of these failures, I was forced to attend court while acutely ill, including after a CM-020 request submitted with a fever of approximately 102.9°F was rejected.

**OPPOSING COUNSEL CHALLENGE TO MY PRIVACY**

22. Because the Court failed to immediately suppress my protected information, private defense counsel for Chaohchin Lu filed motions challenging my confidentiality, disputing my right to Safe at Home protection, and publicly referencing the number of cases I have filed.

23. Had my identifying information been promptly suppressed as required by law, I would not have been exposed to scrutiny, dispute, harassment, or third-party challenges to my protected status.

24. The Court's continued publication of my identifying information opened the door to harassment and improper challenges, creating the precise danger Safe at Home statutes are designed to prevent.

**IRREPARABLE HARM**

25. As a result of Defendants' actions and inaction, I am experiencing severe sleep deprivation, PTSD exacerbation, physical pain, neurological symptoms, and fear for my safety.

26. I am in constant fear that my phone number will be discovered by perpetrators, triggering renewed harassment, retaliation, and forced displacement — something I am medically incapable of surviving again.

27. No monetary damages can remedy this harm. Each day my information remains public places my life at risk.

**NEED FOR IMMEDIATE RELIEF**

28. Safe at Home protections are mandatory, non-discretionary, and administrative in nature. They do not require hearings, motions, or judicial permission.

29. The Court has been on notice for over seven months. Immediate injunctive relief is required to stop ongoing violations and prevent further harm.

I declare under penalty of perjury under under the Law of the United States of America that the foregoing is true and correct.

Executed on December 19, 2025..

Jane Doe
Plaintiff, In Pro Per

JANE DOE,
Plaintiff, In Pro Per
Safe at Home Participant (under seal if required)

U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE,

Plaintiff,

v.

CLERK OF THE SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SANTA CLARA, in official capacity;
and DOES 1–10,
Defendants.

**Case No.:**

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

**EMERGENCY – IMMEDIATE AND IRREPARABLE HARM**

Upon consideration of Plaintiff's Ex Parte Application for Temporary Restraining Order, and good cause appearing,

IT IS HEREBY ORDERED that Defendants, and all persons acting in concert with them, shall immediately remove and redact all personal identifying information of Plaintiff Jane Doe from any publicly accessible court records, websites, or systems.

IT IS FURTHER ORDERED that Defendants shall show cause on ____________, 2025, why a Preliminary Injunction should not issue.

IT IS SO ORDERED.

Dated: Dec 18, 2025

United States District Judge

**EXHIBIT E**

Improper Third-Party Challenge to Plaintiff's Safe at Home Protections Enabled by Court's Public Disclosure of PII

DECLARATION REGARDING OPPOSING COUNSEL'S IMPROPER DISPUTE OF SAFE AT HOME PROTECTIONS

I, Jane Doe, declare as follows:

1. I am a certified participant in California's Safe at Home Address Confidentiality Program pursuant to California Government Code §§ 6205–6211.

2. Safe at Home protections are mandatory and non-discretionary upon notice and do not permit challenge or dispute by opposing counsel.

3. Despite my repeated notice to the Santa Clara County Superior Court that I am a Safe at Home participant, the Court failed to remove or redact my personal identifying information ("PII") from publicly accessible court records and online dockets.

4. As a direct result of the Court's continued public disclosure of my PII, opposing counsel in the Charchen matter was able to:

Identify me as the litigant;

Access my filings and personal information; and

File pleadings challenging or disputing my Safe at Home confidentiality protections.

5. Opposing counsel's challenge was procedurally improper and legally unauthorized, as:

Safe at Home protections are not subject to adversarial litigation;

No statute authorizes private attorneys to contest Safe at Home status; and

Courts have no discretion to delay or deny protections once notice is provided.

6. The Court's acceptance and docketing of opposing counsel's filings disputing my Safe at Home protections constituted a failure to enforce mandatory statutory duties and materially increased my risk of harm.

7. This improper third-party challenge would not have been possible had the Court complied with its statutory obligation to immediately protect my identity and redact my PII upon notice.

8. The Court's failure directly enabled litigation abuse, escalation, and ongoing exposure of my protected information, forming a critical basis for the emergency relief sought in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: December ___, 2025

Location: San Jose, California

Jane Doe

Plaintiff, In Pro Per Safe at Home Participant

5. I discovered that Ms. Gulizia had filed multiple documents seeking to seal this case under the California Safe at Home laws.
6. I also discovered that a hearing is set for Plaintiff's motion to seal on January 20, 2025 in Department 20 before Judge Monahan.
7. Neither I, nor my clients, have been served with any moving papers, documentation or otherwise advised of any hearing in this case by Plaintiff.
8. Subsequently, I downloaded what appear to be the moving papers for this application from the Court website.
9. True and correct copies of what appear to be the moving papers for this application are attached as Exhibit A to this declaration.
10. On December 2, 2025, following an email exchange with Plaintiff wherein she claimed to have filed a Second Amended Complaint in this case, I again searched the Court website. I found no such Second Amended Complaint listed, but did discover that the hearing on this issue had been brought forward to January 7, 2026.
11. Although I have been meeting and conferring with Plaintiff by telephone and email she has never mentioned that there is an upcoming hearing.
12. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 8, 2025

**Derek W Chantler**

Attorney Specially Appearing for Defendant CHAOCHIN LU

Renee Glover Chantler (SBN 157793)
Derek W. Chantler (SBN 282603)
**CHANTLER LAW OFFICES**
1900 S Norfolk Street, Suite 350
San Mateo, CA 94403
T: 650-250-5332
F: 650-618-0394
E-Mail: derek@chantlerlaw.com

Specially Appearing for Defendant
CHAOCHIN LU.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

| | |
|---|---|
| **JANE DOE,**<br><br>Plaintiff,<br>vs.<br><br>**CHAOCHIN LU *et al*,**<br><br>Defendants. | **CASE NO. 25-CV-469650**<br><br>**DECLARATION OF DEREK CHANTLER IN OPPOSINTION TO APPLICATION FOR ORDER SHORTENING TIME AND/OR FOR ORDER TO FILE UNDER SEAL.**<br><br>Department: Department 20<br>Date: January 7, 2026<br>Time: 9:00 AM |

I Derek W Chantler hereby declare, as follows:

1. I am an attorney licensed to practice law in the State of California.
2. I have personal knowledge of the facts contained herein and can testify competently to the same if called upon to do so.
3. I have been retained to represent Defendants Chaochin Lu and Xuejun Ying in the above captioned matter.
4. On December 1, 2025 I had cause to examine the Santa Clara County Superior Court website and searched for this case online.

**b. Plaintiff's request should be denied as Plaintiff has filed misleading and incorrect documents with the Court.**

Further, even if the Court is inclined to look past Plaintiff's failure to cite specific facts to support this motion, Plaintiff's motion should be denied as she has filed erroneous and misleading documents with the Court in support of this motion.

Here, Plaintiff submitted documents in support of this request that both completely left blank the sections regarding service on other parties and also misrepresented to the court that Defendants had not yet been served with any documents in this matter. *Chantler Decl. Exhibit A. P.11-13.* Plaintiff's own Proof of service, filed on October 22, 2025 in this matter shows that this is not true. While there are Defendants who have not yet been served, Defendant Chaochin Lu has been served with the Complaint, and is awaiting service of the First Amended Complaint, filed on November 7, 2025.

As such, Plaintiff's motion should be denied for both omitting pertinent information regarding the service of this *ex-parte* application on Ms. Lu, and also denied due to the misrepresentation that Plaintiff has made in her moving papers.

**c. Plaintiff's motion should be denied as she seeks to use the Safe-At-Home laws to protect her from the consequences of an all-you-can-eat buffet approach to litigation.**

In the absence of any specific facts supporting Plaintiff's position that she is in danger from having her identity and address displayed on the Court website as part of the official record of proceedings in this case the obvious conclusion to draw is that Plaintiff seeks to insulate herself from the consequences of her shotgun approach to litigation. It is significant that Plaintiff makes mention of the approximate number of currently-active cases that she has filed against more than thirty housing providers in Santa Clara County. *Chantler Decl. Exhibit A, P. 4 ⁋ 4(c).* Indeed, as of the date of a recent search by counsel for Ms. Lu, Plaintiff had approximately thirty-eight (38) active cases. *Request for Judicial Notice in Opposition to Motion to Seal (hereinafter "RJN"), Exhibit 1.*

The Court should deny Plaintiff's motion as she seeks to use the Safe at home laws to

protect her from the consequences of her approach to litigation, namely to keep the public and other parties from being aware of her campaign against housing providers in the County who, in Plaintiff's mind, have somehow wronged her.

**3. CONCLUSION**

Based on the foregoing, Plaintiff's motion to proceed under seal under the Safe at home laws of the State of California should be denied. Plaintiff has provided no notice of this motion, the basis for this motion, has detailed no specific facts to support Plaintiff's bare assertion that she would be in danger is her identity were displayed on the Court website and finally, seeks to use this process to insure her from the consequences of her current strategy of wholesale litigation against housing providers in Santa Clara County.

Dated: December 8, 2025

**CHANTLER LAW LLP**

Attorney Specially Appearing for Defendant CHAOCHIN LU

Renee Glover Chantler (SBN 157793)
Derek W. Chantler (SBN 282603)
**CHANTLER LAW OFFICES**
1900 S Norfolk Street, Suite 350
San Mateo, CA 94403
T: 650-250-5332
F: 650-618-0394
E-Mail: derek@chantlerlaw.com

Specially Appearing for Defendant
CHAOCHIN LU.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

**JANE DOE,**

Plaintiff,

vs.

**CHAOCHIN LU *et al*,**

Defendants.

**CASE NO. 25-CV-469650**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ORDER SHORTENING TIME AND/OR FOR ORDER TO FILE UNDER SEAL.**

Department: Department 20
Date: January 7, 2026
Time: 9:00 AM

## 1. FACTUAL BACKGROUND

On or about July 8, 2025, Plaintiff filed the original complaint in this matter. That Complaint was thereafter duly served upon Defendant CHAOCHIN LU on or about October 20, 2025 and a proof of service of the same was filed with the Court on or about October 22, 2025.

On or about November 7, 2025, Plaintiff filed aa First Amended Complaint (hereinafter "FAC") with the Court, using the fictitious name Jane Doe. The FAC has not been served on any named Defendant as of the date of this opposition.

**2. DISCUSSION**

**a. Plaintiff's request should be denied as she has not pled specific facts to support the motion.**

Cal.Code Civ Pro §367.3(b)(1) A protected person who is a party in a civil proceeding may proceed using a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the protected person and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the protected person. A protected person who proceeds using a pseudonym as provided in this section shall file with the court and serve upon all other parties to the proceeding a confidential information form for this purpose that includes the protected person's name and other identifying characteristics being excluded or redacted. The court shall keep the confidential information form confidential.

Plaintiff has not complied with the very statute under which she seeks relief. Plaintiff has not only failed to serve any moving papers of any kind on Ms. Lu, but has also failed to comply with the requirement that Ms. Lu be served with a confidential information form.

Moreover, even if the Court were inclined to make an allowance for this Plaintiff's own moving papers do not make any showing of any specific facts showing that there is any danger to Plaintiff's person or relatives from proceeding in this matter with the case unsealed. *Declaration of Derek Chantler in Opposition to Motion to Seal (hereinafter "Chantler Decl") Exhibit A, P. 5, ⁋ 5.*

As discussed by the Court in a recent case involving a similar request:

"In addition, allowing a party to litigate anonymously impacts the First Amendment public access right, and should be granted only if the court finds an overriding interest likely will be prejudiced without use of a pseudonym: outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur "only in the rarest of circumstances." (Department of Fair Employment and Housing v. Superior Court of Santa Clara County (2022) 82 Cal.App.5th 105, 111–112.)

Here, Plaintiff presented no evidence to suggest such circumstances exist. Based on the foregoing, Plaintiff's motion to "seal" and proceed under a pseudonym should therefore be denied.

EXHIBIT C – Some of the email Proof of Notice to the Court

1. Defendant CHAOCHIN LU (hereinafter "Ms. Lu") respectfully requests that the Court take judicial notice of the existence of thirty-eight active matters filed by Plaintiff against housing providers in Santa Clara County, a summary of which matters and case numbers is attached as **Exhibit 1** to this Request.

2. Ms. Lu makes this request in support of her opposition to Plaintiff's motion to seal proceedings, pursuant to Evidence Code section 452 subd. (d), which permits judicial notice of records contained in a court of record of the state of California or of the United States, including the online docket entries, minute orders and reporter's transcripts for court proceedings. *See, e.g., Lazzarone v. Bank of America*, (1986) 181 Cal. App. 3d 581, 590 (court may take judicial notice of its own records, including prior pleadings in a case.)

Dated: December 8, 2025

**CHANTLER LAW LLP**

[signature]

Attorney Specially Appearing for Defendant CHAOCHIN LU

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT/ESTATE OF: | |
| OTHER PARTY/PARENT: | |

3. a. (2) I gave notice on *(date):* at: ☐ a.m. ☐ p.m.
   - ☐ personally at *(location):* , California.
   - ☐ by telephone using telephone no.:
   - ☐ by fax using fax no.:
   - ☐ by voicemail using voicemail no.:
   - ☐ by electronic means *(if permitted) (specify electronic service address of person):*
   - ☐ by overnight mail or other overnight carrier *(specify address of delivery):*

   (3) I gave notice *(select one):*
   - ☐ by 10 a.m. the court day before this ex parte appearance.
   - ☐ after 10 a.m. the court day before this ex parte appearance because of the following exceptional circumstances *(specify):*

   (4) I notified the person in 3a(1) that an order shortening time is being requested for a hearing on the applicant's *Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-020).

   (5) The person in 3a(1) responded as follows:

   (6) I ☐ do ☒ do not believe that the person in 3a(1) will oppose the ex parte application.

b. ☒ **Request for waiver of notice.** I did not give notice about the ex parte application for order shortening time. I ask that the court waive notice to the other party for the following reasons *(identify the exceptional circumstances):*
I AM A PARTICIPANT OF THE DEPARTMENT OF JUSTICE SAFE AT HOME ADDRESS CONFIDENTIALITY PROGRAM THE OPPOSING PARTY HAS NOT BEEN SERVED YET.
THE COMPLAINT, SUMMONS OR ANY DOCUMENTS HAVE NOT BEEN SERVED TO THE DEFENDANT TO NOTIFY THEM OF A CASE YET.

☐ Attachment 3b

c. ☐ **Unable to provide notice.** I did not give notice about the ex parte application for order shortening time. I used my best efforts to tell the opposing party when and where this hearing would take place but was unable to do so. The efforts I made to inform the other person were *(specify below):*

☐ Attachment 3c

SH-032 [New January 1, 2021]

**DECLARATION REGARDING NOTICE AND SERVICE OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)**

Page 2 of 3

SH-032

| (Use Doe name where appropriate) PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT/ESTATE OF: OTHER PARTY/PARENT: | CASE NUMBER: |
|---|---|

4. [ ] **SERVICE OF FORMS**

a. An unfiled copy of *Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-020) and related documents were served on:

[ ] Plaintiff/Petitioner
[ ] Defendant/Respondent/Objector
[ ] Attorney for Plaintiff/Petitioner
[ ] Attorney for Defendant/Respondent/Objector
[ ] Other *(specify):*

b. Documents were served on *(date):* at [ ] a.m. [ ] p.m.

[ ] personally at *(location):* , California.
[ ] by fax using fax no.:
[ ] by electronic means *(if permitted)(specify electronic service address of person):*
[ ] by overnight mail or other overnight carrier *(specify address of delivery):*

c. [X] **Documents were not served on the opposing party** because of the circumstances specified in:
[X] 3b [ ] 3c [ ] below:
THE COMPLAINT, SUMMONS OR ANY DOCUMENTS HAVE NOT BEEN SERVED TO THE DEFENDANT TO NOTIFY THEM OF A CASE YET.

*(If the pseudonymous party is signing this form, sign here.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing, including statements on all attachments, is true and correct. I agree that when I sign this declaration using my Doe name, I sign as the party identified on the *Confidential Information Form* (form SH-001).

Date: OCTOBER 24, 2024

JANE DOE
(TYPE OR PRINT DOE NAME) (SIGN DOE NAME)

*(If someone other than the pseudonymous party's attorney is signing this form, sign here.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing, including statements on all attachments, is true and correct.

Date: OCTOBER 24, 2024

JANE DOE
(TYPE OR PRINT NAME) (SIGNATURE OF DECLARANT)

**DECLARATION REGARDING NOTICE AND SERVICE OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)**

| *(Use Doe name where appropriate)*<br>PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT/ESTATE OF:<br>OTHER PARTY/PARENT: | CASE NUMBER: |
|---|---|

3. Pseudonymous party requests that the court place under seal (make confidential) the following documents that were previously filed in this action *(check all that apply)*:

a. [X] Complaint
b. [X] Petition
c. [X] Summons
d. [X] Proof of Service
e. [X] Civil Cover Sheet
f. [X] Notice
g. [X] Order
h. [X] Other document *(specify by document name and, if applicable, by form number)*:
ALL DOCUMENTS PERTAINING TO THIS CASE
NO PERSONAL IDENTIFYING INFORMATION ON THE WEB, PER DEPARTMENT OF JUSTICE SAFE AT HOME ADDRESS PROGRAM AND THE VAWA

[ ] Continued on attachment *(if you need more space, attach form MC-025)*.

4. The purpose of this motion is to ask the court to maintain the confidentiality of the pseudonymous party's name and identifying characteristics on documents that have already been filed in the court, as provided by Code of Civil Procedure section 367.3.

5. The facts that support this motion to place the documents checked above under seal are stated in the *Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-022), filed with this document.

6. Pseudonymous party has prepared a redacted version (a version with true names and identifying characteristics blacked out) of each of the documents checked above and is lodging it with the court. The information redacted from these documents is limited to the pseudonymous party's true name and identifying characteristics as defined in Code of Civil Procedure section 367.3(a).

7. Pseudonymous party requests that the redacted versions of the documents identified above be placed in the public court file in place of the original documents that the pseudonymous party is asking the court to place under seal.

Date: OCTOBER 24, 25

JANE DOE
(TYPE OR PRINT NAME)
*(Party without attorney should use Doe name)*

(SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)
*(Pseudonymous party should sign with Doe name)*

SH-020

(Party without an attorney should provide this information on Confidential Information Form (form SH-001))

ATTORNEY NAME: STATE BAR NUMBER:
FIRM NAME: Jane Doe, in pro per
STREET ADDRESS:
CITY: 1875 Branham Lane #1832 STATE: ZIP CODE:
TELEPHONE NO.: San Jose Ca 95118 FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 191 N. 1St ST
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: CIVIL

(Use Doe name where appropriate)
PLAINTIFF/PETITIONER: JANE DOE
DEFENDANT/RESPONDENT/ESTATE OF: CHAOCHIN LU
OTHER PARTY/PARENT:

FOR COURT USE ONLY

FILED
NOV 07 2025
Clerk of the Court
Superior Court of CA County of Santa Clara
BY B. ROMAN-ANTUNEZ DEPUTY

# MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)

CASE NUMBER: CV469850

*Before completing this form, read instructions for how to apply to the court to place documents under seal (make them confidential) if you are under the Safe at Home address confidentiality program; the instructions are found on the information sheet entitled* Instructions for Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home) *(form SH-020-INFO).*

A Confidential Information Form *(form SH-001) must be filed with this form.*

1. The person filing this motion *(Doe name that you select in item 2 of this form):* ______________ (pseudonymous party) is an active participant in the Secretary of State's address confidentiality program (Safe at Home) and is a *(check one):*
   a. [X] Plaintiff/Petitioner
   b. [ ] Defendant/Respondent/Objector
   c. [ ] Other party/parent *(specify):*
   
   in this action.

2. The pseudonymous party requests that the court change the public register of actions to replace pseudonymous party's true name with pseudonym *(check all that apply):*
   a. [ ] John Doe
   b. [X] Jane Doe
   c. [ ] Doe
   d. [ ] If more than one party is using a Doe name, designation of the Doe in question (for example, Doe A or Doe B, etc.):
   
   ______________________________

Form Adopted for Mandatory Use
Judicial Council of California
SH-020 [New January 1, 2021]

Code of Civil Procedure, § 367.3;
Cal. Rules of Court, rules 2.550, 2.551
www.courts.ca.gov

PAULA GULIZIA, Self-Represented Memorandum of Points and Authorities

I. INTRODUCTION Petitioner/Respondent is a participant in the California Safe at Home Program. Records previously filed in this case contain confidential identifying information, including the participant's residential address. Disclosure of this information violates California law and poses a serious risk to the safety and well-being of the participant.

II. LEGAL STANDARD California Rules of Court, Rule 2.550 permits the sealing of records when there is an overriding interest that overcomes the right of public access and when the sealing is narrowly tailored. Participants in the Safe at Home program are entitled to have their addresses kept confidential pursuant to Government Code §§ 6206 and 6208.1.

Courts must take necessary measures to protect the confidentiality of such information. (Gov. Code § 6208.1(b)). CCP § 367.3 further allows use of pseudonyms and nondisclosure of addresses for Safe at Home participants in civil proceedings.

III. ARGUMENT The overriding interest here is the Petitioner's safety and confidentiality, which is recognized and codified by the Legislature. There is a substantial probability of prejudice if the information remains public, including the risk of harm from abusers or stalkers. There is no less restrictive means to protect the Petitioner than to seal the affected documents and permit the filing of redacted versions. The relief requested is narrowly tailored to address only specific documents containing identifying information.

IV. CONCLUSION

For the foregoing reasons, the Court should grant this motion and order that the identified documents be sealed and redacted as proposed.

TO ALL PARTIES AND THE COURT: PLEASE TAKE NOTICE that on the above date and time, PAULA GULIZIA, a participant in California's **Safe at Home** Program pursuant to **Government Code section 6205 et seq.**, will move this Court for an order to:

1. **Seal** previously filed court documents that contain the participant's residential address or other identifying information protected under Government Code sections 6206 and 6208.1;
2. **Redact** the address and identifying information from the documents before any future public access;
3. **Permit re-filing of redacted versions**, where applicable, and maintain confidential versions under seal.

This motion is made under **California Rules of Court 2.550–2.551**, **Government Code §§ 6206–6208.1**, and **Code of Civil Procedure § 367.3**, and is supported by the attached memorandum and declaration.

*Under California Rules of Court Rule 2.551, and in the context of Safe at Home (SAH) participants requesting retroactive sealing, you can reference previously filed documents by title and filing date (as shown in the Register of Actions or ROA) instead of re-lodging voluminous documents, provided that:

"Petitioner requests that the following documents previously filed with the Court be sealed or

| *(Use Doe name where appropriate)*<br>PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT/ESTATE OF:<br>OTHER PARTY/PARENT: | CASE NUMBER: |
|---|---|

5. Facts showing that there is a substantial probability that the overriding interest in my safety or confidentiality described in item 4 will be prejudiced (harmed or impaired) if the records in this proceeding are not sealed (made confidential) are *(specify):*
I am a part of the address program and per Dept of Justice my home address or whereabouts cannot be posted on the internet. My life could and would be in danger possibly fatal.

1. CHAPTER 3.1. Address Confidentiality for Victims of Domestic Violence, Sexual Assault, Stalking, Human Trafficking, Child Abduction, and Elder or Dependent Adult Abuse [6205 - 6210] ( Heading of Chapter 3.1 amended by Stats. 2023, Ch. 642, Sec. 2. Government Code - GOV
TITLE 1. GENERAL [100 - 7931.000] ( Title 1 enacted by Stats. 1943, Ch. 134. )
DIVISION 7. MISCELLANEOUS [6000 - 7599.200] ( Division 7 enacted by Stats. 1943, Ch. 134. )
(a) (1) No person, business, association, or other entity shall knowingly and intentionally publicly post or publicly display on the Internet or any other public space the home address, home telephone number, or image of a program participant or other individuals residing at the same home address with the intent to do either of the following:
(A) Incite a third person to cause imminent great bodily harm to the person identified in the posting or display, or to a coresident of that person, where the third person is likely to commit this harm.
(B) Threaten the person identified in the posting or display, or a coresident of that person, in a manner that places the person identified or the coresident in objectively reasonable fear for their personal safety. Disclosure alone may be considered a threat, depending on the totality of the circumstances.
(2) A participant whose home address, home telephone number, or image is made public as a result of a violation of paragraph (1) may do either or both of the following:
(A) Bring an action seeking injunctive or declarative relief in any court of competent jurisdiction. If a jury or court finds that a violation has occurred, it may grant injunctive or declarative relief and shall award the successful plaintiff court costs and reasonable attorney's fees.
(B) Bring an action for money damages in any court of competent jurisdiction. In addition to any other legal rights or remedies, if a jury or court finds that a violation has occurred, it shall award damages to that individual in an amount up to a maximum of three times the actual damages, but in no case less than four thousand dollars ($4,000).

☐ Continued on Attachment 5. *(If you need more space, attach form MC-025.)*

6. The fact showing that an order sealing the records in this action is narrowly tailored to protect that overriding interest is that the versions of the documents that pseudonymous party has lodged (submitted) with the court redact (black out) only the pseudonymous party's identifying characteristics as provided under Code of Civil Procedure section 367.3.

7. The fact showing that there is no less restrictive means to protect that overriding interest than placing the record under seal is that the versions of the documents that the pseudonymous party has lodged (submitted) with the court do not redact (black out) any information other than the pseudonymous party's identifying characteristics as provided under Code of Civil Procedure section 367.3.

☐ The number of pages attached is:

*(The pseudonymous party must sign here)*

I declare under penalty of perjury under the laws of the State of California that the foregoing, including statements on all attachments, is true and correct. I agree that when I sign this declaration using my Doe name, I sign as the party identified on the *Confidential Information Form* (fom SH-001).

Date: October 22, 2024

Jane Doe
(TYPE OR PRINT DOE NAME)

▶ [signature]
(SIGN DOE NAME)

ATTACHMENT 7 & 8
PER Government Code - GOV
TITLE 1. GENERAL [100 - 7931.000] ( Title 1 enacted by Stats. 1943, Ch. 134. )
DIVISION 7. MISCELLANEOUS [6000 - 7599.200] ( Division 7 enacted by Stats. 1943, Ch. 134. ) CHAPTER 3.1. Address Confidentiality for Victims of Domestic Violence, Sexual Assault, Stalking, Human Trafficking, Child Abduction, and Elder or Dependent Adult Abuse [6205 - 6210] Heading of Chapter 3.1 amended by Stats. 2023, Ch. 642, Sec. 1. )

I am a victim of housing discrimination, specifically disability and source of income discrimination. I faced six months of repeated discrimination when I moved Sept 2023 and five and a half months of repeated discrimination when I moved Oct 2024.

I hired an Attorney on June 20, 25. We met on June 25 to sign contracts for her to represent me on the two complaints I had filed on my own, on April 4., then first amended on May 16.
On the advice of my counsel, to preserve the statute of limitation, I filed additional lawsuits. We met again, Aug 12, signed the contracts for four more cases. At that time she decided to do all of my cases pro bono, to pay me to work at her firm as a law student.
She knew that I was a disabled participant of the Safe at Home Program and promised to file the correct documents on my cases to protect my personal identity. She promised that she's talk to her professor and would file the requirement forms. She filed them incorrectly on or about July 26, 2025.

Then a week after we met (Aug 12), out of nowhere she texted me on Aug 17 stating that she decided to only represent me in the six cases we signed the contracts for. Then Aug 13, she emailed stating shes not representing me in any cases.

To this day she won't respond to my email, regular mail letter or give the update on what was discussed when she met and conferred on the two cases she told me she was scheduled to discuss the cases on.
She knows I am disabled and still sick and trying to recover from moving twice in one year and the nightmare of being harassed and repeatedly rejected with excellent rental history and high FICO solely based on my source of income but she refuses to update me on any of the cases, which cases were/weren't served, what was discussed on the two attorneys she contacted and most importantly sh never told me that the summons and complaint needed to be served to the defendants within 60 days of filing so now I've been forced withdrawn and dismiss twelve cases (may need to dismiss more,) which is unfair and unfortunate that these repeat offenders won't be held accountable because cannot find a replacement attorney. I know when I am not sick I can handle my cases as I am learning the processes and still hopeful I will find counsel. Thank you for the consideration for more time to serve. I am learning the process and am hopeful Justice will be served.

**CONFIDENTIAL** SH-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Paula Gulizia, In pro per<br>FIRM NAME:<br>STREET ADDRESS: 1175 Branham Lane 18132<br>CITY: San Jose STATE: CA ZIP CODE: 95118<br>TELEPHONE NO.: 4082193980 FAX NO.:<br>EMAIL ADDRESS: paulagulizia@gmail.com<br>ATTORNEY FOR *(party name or pseudonym)*: | | FILED<br>NOV 07 2025<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY DEPUTY<br>B. ROMAN-ANTUNEZ |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 191 n 1St St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, Ca 95113<br>BRANCH NAME: Civil | | |
| SHORT TITLE:<br>Safe at home Seal | | |
| **CONFIDENTIAL INFORMATION FORM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3** | | CASE NUMBER:<br>25CV469650 |

*TO COURT CLERK: THIS FORM IS CONFIDENTIAL*

*TO PARTIES: USE THIS FORM ONLY IF A PARTY IS AN ACTIVE PARTICIPANT IN THE SAFE AT HOME PROGRAM*

***(Instructions for filer and recipient are on the back of this form.)***

1. This case includes a party who is enrolled in the Safe at Home address confidentiality program with the Secretary of State, and who is filing using a pseudonym (Jane Doe, John Doe, or Doe) under Code of Civil Procedure section 367.3.

2. The document that this form is being filed with is a *(check one)*:
   a. ☐ Complaint, cross-complaint, or petition.
   b. ☐ Answer, response, objection, or other first paper.
   c. ☐ Discovery document.
   d. ☒ Other *(describe)*: Safe at home Seal form SH-020

3. **True Name and Pseudonym of Party** *(Complete for any pleading or document filed by a participant in the Safe at Home program.)*
   a. True name of party: Paula Gulizia
   b. Party type *(check one)*:
      ☒ Plaintiff/petitioner
      ☐ Defendant/respondent/objector
      ☐ Other *(describe)*:
   c. Pseudonym used *(check one)*: ☒ Jane Doe ☐ John Doe ☐ Doe
   d. If more than one party is using the same pseudonym, add an identifying number (such as Jane Doe #2): ______

4. **Redacted Information** *(Complete for any pleading or document that includes redactions or blacked-out information.)*

| | LOCATION OF REDACTED INFORMATION *(page, and item or line number where the redaction occurs)* | INFORMATION REDACTED *(text of identifying characteristics that has been redacted or blacked out; see Instruction No. 5 on page 2)* |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |

☐ Check here if there is not enough space for all the redacted material, and continue on an attached sheet titled Attachment 4.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SH-001 [New September 1, 2020]

CONFIDENTIAL INFORMATION FORM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3

Code of Civil Procedure, § 367.3
www.courts.ca.gov

| (Use Doe name where appropriate) | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT/ESTATE OF: | |
| OTHER PARTY/PARENT: | |

3. a. (2) I gave notice on *(date):* at: ☐ a.m. ☐ p.m.

☐ personally at *(location):* , California.

☐ by telephone using telephone no.:

☐ by fax using fax no.:

☐ by voicemail using voicemail no.:

☐ by electronic means *(if permitted) (specify electronic service address of person):*

☐ by overnight mail or other overnight carrier *(specify address of delivery):*

(3) I gave notice *(select one):*

☐ by 10 a.m. the court day before this ex parte appearance.

☐ after 10 a.m. the court day before this ex parte appearance because of the following exceptional circumstances *(specify):*

(4) I notified the person in 3a(1) that an order shortening time is being requested for a hearing on the applicant's *Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-020).

(5) The person in 3a(1) responded as follows:

(6) I ☐ do ☒ do not believe that the person in 3a(1) will oppose the ex parte application.

b. ☒ **Request for waiver of notice.** I did not give notice about the ex parte application for order shortening time. I ask that the court waive notice to the other party for the following reasons *(identify the exceptional circumstances):*

I AM A PARTICIPANT OF THE DEPARTMENT OF JUSTICE SAFE AT HOME ADDRESS CONFIDENTIALITY PROGRAM THE OPPOSING PARTY HAS NOT BEEN SERVED YET.

THE COMPLAINT, SUMMONS OR ANY DOCUMENTS HAVE NOT BEEN SERVED TO THE DEFENDANT TO NOTIFY THEM OF A CASE YET.

☐ Attachment 3b

c. ☐ **Unable to provide notice.** I did not give notice about the ex parte application for order shortening time. I used my best efforts to tell the opposing party when and where this hearing would take place but was unable to do so. The efforts I made to inform the other person were *(specify below):*

☐ *Attachment 3c*

SH-032 [New January 1, 2021]

**DECLARATION REGARDING NOTICE AND SERVICE OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)**

Page 2 of 3

SH-032

| (Party without an attorney should provide this information on Confidential Information Form (form SH-001)) | FOR COURT USE ONLY |
|---|---|
| ATTORNEY NAME: JANE DOE, IN PRO PER STATE BAR NUMBER:<br>FIRM NAME:<br>STREET ADDRESS: 1125 Branham Lane #8831<br>CITY: San Jose Ca STATE: ZIP CODE: 95118<br>TELEPHONE NO.: FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): | FILED<br>NOV 07 2025<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY B. ROMAN-ANTUNEZ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 191 N 1ST STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN JOSE, CA 95113<br>BRANCH NAME: CIVIL | |
| (Use Doe name where appropriate)<br>PLAINTIFF/PETITIONER: JANE DOE<br>DEFENDANT/RESPONDENT/ESTATE OF: CHAOCHIN LU<br>OTHER PARTY/PARENT: | |
| **DECLARATION REGARDING NOTICE AND SERVICE OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)** | CASE NUMBER:<br>25CV469650 |

*This form must be filed any time an ex parte application (form SH-030) is filed.*

1. I am *(select all that apply)*: ☐ attorney for ☒ Plaintiff/Petitioner ☐ Defendant/Respondent/Objector ☐ Other *(specify)*:

2. I ☐ did ☐ did not give notice that papers will be submitted to the court on the date, time, and location below asking a judicial officer to shorten time for (expedite) a hearing on a *Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-020), which is supported by applicant's *Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-022).

| | |
|---|---|
| a. Date: Time: | ☐ Dept.: |
| b. Address of court: ☐ same as noted above | ☐ other *(specify)*: |

3. **NOTICE** *(If you gave notice, complete item 3a. If you did not give notice, complete item 3b or 3c.)*
   a. ☐ I gave notice as described in items (1) through (5):
      (1) I gave notice to *(select all that apply)*:
         ☐ Plaintiff/Petitioner
         ☐ Defendant/Respondent/Objector
         ☐ Attorney for Plaintiff/Petitioner
         ☐ Attorney for Defendant/Respondent/Objector
         ☐ Other *(specify)*:

Form Adopted for Mandatory Use
Judicial Council of California
SH-032 [New January 1, 2021]

**DECLARATION REGARDING NOTICE AND SERVICE OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)**

Code of Civil Procedure, § 367.3;
Cal. Rules of Court, rules 3.1203-3.1207
www.courts.ca.gov

SH-022

| (Party without an attorney should provide this information on Confidential Information Form (form SH-001)) | FOR COURT USE ONLY |
|---|---|
| ATTORNEY NAME: JANE DOE, IN PRO PER STATE BAR NUMBER:<br>FIRM NAME:<br>STREET ADDRESS: 1175 Branham Lane #18132<br>CITY: STATE: ZIP CODE:<br>TELEPHONE NO.: San Jose, Ca 95118 FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): Justice4Jane22@gmail.com | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 191 N. 1ST STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN JOSE, CA 95113<br>BRANCH NAME: CIVIL | |
| (Use Doe name where appropriate)<br>PLAINTIFF/PETITIONER: JANE DOE<br>DEFENDANT/RESPONDENT/ESTATE OF: CHAOCHIN LU<br>OTHER PARTY/PARENT: | |
| **DECLARATION IN SUPPORT OF MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)** | CASE NUMBER:<br>25CV469650 |

*This form must be filed any time a* Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home) *(form SH-020) is filed.*

I declare as follows:

1. I have personal knowledge of the facts stated in this declaration and could and would testify competently to those facts.

2. I am an active participant in the Secretary of State's confidential address program, Safe at Home.

3. I am seeking to have the court place under seal (make confidential) the documents identified on the *Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 (Safe at Home)* (form SH-020).

4. Facts showing that there is an overriding interest in my safety or confidentiality that overcomes the right of public access to the records in this proceeding and that this overriding interest supports placing the documents under seal in this proceeding are as follows *(specify):*

   a. I am participating in the Safe at Home program.

   b. Because of my participation, Code of Civil Procedure section 367.3 authorizes my name and identifying characteristics to be kept confidential in any civil action.

   c. [X] Other *(specify):*

   I am a disabled plaintiff with ongoing health issues and a participant of safe at home, in urgent need requesting a court date ASAP I had originally filed two complaints on April 4, 2025 NOT knowing that it would be public information. When I found out it was I tried to get guidance the process of how to protect my information. The clerk provided a privacy form I submitted that got rejected. I tried to get help from self-help court, every non-profits (project sentinel, law foundation, legal aid etc. which advertise that they help low-income and disabled individuals but they refused to help. I've tried to get legal help- then an attorney met with me June 25, 2025 signed a contract to represent me in the two cases I had filed on my own and told me to file all 30+ cases ASAP to preserve the 2-year statute and that she'd substitute in 2 cases per week and file the privacy forms. Then clerk rejected her "Privacy form" filing in July 26. Then Aug 19, 2025 I was notified via text the Lawyer would only represent me in the 6 we signed contingency. 12 hours later she emailed decided to not represent me and abandoned me in the 33

[ ] Continued on Attachment 4 *(If you need more space, attach form MC-025.)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SH-022 [New January 1, 2021]

DECLARATION IN SUPPORT OF MOTION TO PLACE DOCUMENTS UNDER SEAL UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 (SAFE AT HOME)

Code of Civil Procedure, § 367.3; Cal. Rules of Court, rules 2.550, 2.551
www.courts.ca.gov

EXHIBIT D

**Altered and Misdated Court Filing – November 7, 2025 Submission**
**Proof of Filing Delay, Misdating, and Procedural Interference**

**This Exhibit contains copies of Plaintiff's filings submitted on November** 7, 2025, which were not promptly processed or docketed by the Santa Clara County Superior Court. **It was not until Plaintiff emailed Nov. 26 via email that she had proof of the Dropbox drop off.**

The documents in this Exhibit demonstrate that:

1. Plaintiff submitted filings on November 7, 2025, as evidenced by submission records, envelopes, and contemporaneous screenshots.
2. The Court failed to file or docket these submissions for an extended period of time without notice to Plaintiff.
3. When the filings later appeared in the system, the Court-applied date on the copies reflects a later date, creating the false appearance that Plaintiff filed days later than she actually did.
4. This misdating materially prejudiced Plaintiff by:

Creating artificial delay;
Obscuring Plaintiff's compliance with deadlines;
Undermining emergency filings and requests for relief; and
Exacerbating Plaintiff's medical condition and stress.

5. Plaintiff had no control over the Court's internal processing delay or the altered filing dates reflected on the copies.

This Exhibit demonstrates procedural interference outside Plaintiff's control and supports the need for immediate injunctive relief.

please add my copies from amend complaints

Please put all of my copies in this and I will pick up from inside the clerks Box outside by line thankyou

Paula

Second Amend 25 cv 462564 David Kramer

1st amend Complain 25 cv 469156 Edgar Ferguson

Second amend 25CV471512 Chanchun Li xinxu wyn

Cm 020

(1) 25cv471508

(2) 25cv469160

(3) 25cv469161

(4) 25cv469161

(5) 25 cv 471513

(6) 25cv470893

(7) 25cv471512

(8) 25cv462564

(9) 25 CV 471511

(10) 25 cv 471511

(11) 25cv471518

(12) 25 cv472128

(13) 25 cv47251

(14) 25 cv472

(15) 25cv47212

(16) 25 cv47157

191 North First St., San José, CA 95113

**PLEASE READ THIS ENTIRE FORM**

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

ɿu must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the ... *plaint;*

...y or on the ...

... and

21/25 Carlo dropped off w/ 001 Form GM Form drop box on video

This morning he went but no answer 001 Form they refused

still not in system

12/15/25 not on website!

# EXHIBIT P

Evidence of Filing Delays, Misdated Filings, and Continued Holding of Plaintiff's Documents

Description:
This exhibit consists of screenshots from the Court's authorized e-filing system (GreenFiling) showing that Plaintiff's filings — including First Amended Complaints, Safe-at-Home related submissions (SH-001), and Requests for Entry of Default — were submitted earlier than the dates now reflected in the system, remain in "Pending" status for extended periods, or were rejected without lawful justification.

Key Facts Demonstrated:

Filings submitted on or about December 11, 2025 are reflected as filed on December 12–13, 2025, altering operative filing dates.

Multiple filings remain in "Pending" status despite receipt confirmations.

At least one Safe-at-Home filing was rejected, notwithstanding its ministerial and non-discretionary nature.

Clerk memos acknowledge Plaintiff's Safe-at-Home status and intent for SH-001 to apply to pending filings, yet processing delays persist.

Relevance:
This exhibit demonstrates ongoing procedural obstruction, interference with Plaintiff's statutory and procedural rights, delay in enforcement of Safe-at-Home protections, and conduct contributing directly to irreparable harm, medical distress, and the need for immediate injunctive relief.

NOV 07 2025 M Johnson

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: JANE DOE, IN PRO PER<br>FIRM NAME:<br>STREET ADDRESS: 1175 Branham Lane 18132<br>CITY: San Jose STATE: CA ZIP CODE: 95118<br>TELEPHONE NO.: 4082193990 FAX NO.:<br>E-MAIL ADDRESS: paulagulizia@gmail.com<br>ATTORNEY FOR (*name*): | FILED<br>NOV 07 2025<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY ychavez DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 191 N 1ST STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN JOSE, CA 95113<br>BRANCH NAME: CIVIL | |
| Plaintiff/Petitioner: Jane Doe<br>Defendant/Respondent: WANDERLUST | |
| **REQUEST FOR (Application)** [x] **Entry of Default** [ ] **Clerk's Judgment** [ ] **Court Judgment** | CASE NUMBER:<br>25CV462561 |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.);** (see form CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: MAY 16, 2025
   b. by *(name)*: JANE DOE
   c. [x] Enter default of defendant *(names)*:
      WANDERUST TRUST, ALLYSA THACK TERIZANNO; AS TRUSTEE OF THE WANDERLUST TR
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of ...

US POSTAGE
$000.67
California
Clara

7:20

Camera

2584 images 151 videos

Nov 7

7:21

# Camera

2584 images 151 videos

Nov 7

Cam...
2735

Dow...
78

Use ...
4

Scr...
3400

Scre...
33

7:21
27
Camera
2584 images 151 videos
Nov 7

7:21
Camera
2584 images 151 videos
Nov 7

## EXHIBIT A — SAFE AT HOME PROGRAM CERTIFICATION & STATUTORY GUIDANCE

Date(s): Ongoing / Current

Description: This exhibit contains Plaintiff's Safe at Home program certification materials and statutory guidance issued by the California Secretary of State.

Relevance: Demonstrates that Plaintiff is a certified Safe at Home participant and that confidentiality protections are mandatory and non-discretionary for state and local agencies, including courts.



California Secretary of State
**Shirley N. Weber, Ph.D.**

# Who Needs to Comply

Safe at Home

- Applicants
- Where to Find an Enrolling Agency
- Participants
- Program Forms and Outreach Materials
- Information for Enrolling Agencies
- Who Needs to Comply
- Governing Laws
- Frequently Asked Questions
- Contact Safe at Home
- Related Resources

## 1. State and Local Government

Pursuant to Government Code, sections, 6207 and 6215.5 a program participant may request California state, county, city agencies and the courts to use their designated Safe at Home mailing address. When creating or modifying a public record (excluding the record of any birth, fetal death, death, or marriage certificates), state and local government agencies shall accept the designated address as a program participant's substitute address, unless the California Secretary of State's office has determined both of the following:

1. The agency has a bona fide statutory or administrative requirement for the use of the address which would otherwise be confidential under this chapter.
2. The address will be used only for those statutory and administrative purposes and shall not be publically disseminated.

## 2. Private Businesses

California businesses can play an important role in preventing the exchange and sale of confidential address information. According to Section 6208.1(b)(1) of the Government Code, a Safe at Home participant may make a written demand of a person, business, or association to remove any display of their home address or telephone number from the internet.

The California legislature has provided Safe at Home participants with a civil remedy for failure to comply with their demand. However, the Safe at Home program does not monitor or enforce compliance.

Safe at Home participants may also file a complaint about a business with the Attorney General's Office using the Complaint Against Business form found at https://oag.ca.gov/contact/consumer-complaint-against-business-or-company. Complaints are used by the Attorney General's Office to learn about misconduct and to determine whether to investigate a company. However, the Attorney General's Office cannot provide legal advice or assistance to individuals.

## 3. Information for Banks:

A ruling (FIN-2009-R003) by the United States Department of Treasury Financial Crimes Enforcement Network or FinCEN, issued on November 3, 2009, allows financial institutions to use an address designated by the Safe at Home Program instead of the confidential residential address of the participant.

## 4. Schools

Schools may have an administrative need to know a program participant's residential address to determine students' district zone, as well as for administrative and emergency purposes. While public schools must keep the program participants residential address confidential, it is further recommended that all schools use the Safe at Home Program participant's designated Safe at Home mailing address on any mailings and public documents.

## 5. Law Enforcement

California law requires all local and state government agencies to accept a Safe at Home Program participant's designated mailing address. Law enforcement agencies are not excluded from this rule. Law enforcement agencies are expected to comply with the same statutory obligations as any other state or local government agency.

## 6. Real Estate Transactions

The California legislature, in Government Code Section 6209.5(a), authorizes Safe at Home participants to request that their residential address be replaced on real property deeds, change of ownership forms and deeds of trust with their Safe at Home designated mailing address. The legislature requires California government agencies to comply with the participant's request per Government Code 6207(a)(1) unless certain governmental circumstances apply.

While Safe at Home cannot provide legal services or advice in accordance with the above Government Codes, listed below are the links to professional legal services and state and county agencies where Safe at Home participants may seek professional legal advice.

California Bar Association (Includes addresses and telephone numbers of legal providers by county):
http://www.calbar.ca.gov/public/lawyerreferralserviceslrs.aspx

California County Bar Associations (Lists all available county bar