UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA,<br><br>        Defendant. | Case No. 25-cv-10861-NW<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND DENYING WITHOUT PREJUDICE MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO PROCEED ANONYMOUSLY**<br><br>Re: ECF No. 2, 3, 4 |

On December 19, 2025, Plaintiff Jane Doe ("Plaintiff"), proceeding *pro se* and under a pseudonym, sued the Clerk of the Superior Court of the County of Santa Clara ("Defendant") and several Doe defendants. ECF No. 1. Plaintiff also requested, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order ("TRO") requiring that Defendant (1) immediately remove and redact Plaintiff's personal identifying information ("PPI") from all public systems, (2) comply with Safe at Home law, and (3) be enjoined from further disclosure of her PPI. ECF No. 4 at 4.[1] Having considered Plaintiff's brief and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion for a TRO.

Also pending before the Court are Plaintiff's motions to proceed *in forma pauperis* ("IFP") and motion to proceed anonymously. ECF Nos. 2, 3. Because the motions lack sufficient detail, the Court DENIES the motions without prejudice.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

## I. LEGAL STANDARD

### A. Temporary Restraining Order

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical.") (internal quotation marks and citation omitted). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has applied a sliding scale approach to these factors, where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits"); *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (preliminary injunction may issue if the plaintiff demonstrated serious questions going to the merits – which is a lesser standard than likelihood of success on the merits – if the balance of equities "tips *sharply* in the plaintiff's favor," and the plaintiff establishes that they are likely to suffer irreparable harm, and that an injunction is in the public interest).

The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an *ex parte* TRO. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

### B. Application to Proceed IFP

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds." *Escobedo v.*

2

1  *Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege
2  poverty with some particularity, definiteness and certainty." *Id.* (quotation marks omitted); *see*
3  *also Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (affirming denial of IFP
4  application when applicant "failed to provide sufficient details concerning his income, assets, and
5  expenditures").

### C. Motion to Proceed Anonymously

Under Federal Rule of Civil Procedure 10(a), "the title of the complaint must name all the parties." The public also retains a common law right to access judicial proceedings. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). Nonetheless, it is in the Court's discretion to allow pseudonyms. *See id.* ("[T]he decision as to access is one best left to the sound discretion of the trial court."); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). In the Ninth Circuit, a party may proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The use of a pseudonym is therefore reserved for the "unusual case" where anonymity is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980).

## II. DISCUSSION

### A. Motion for a TRO

In her motion for a TRO, Plaintiff requests the Court:

1. Issue a TRO requiring immediate removal and redaction of Plaintiff's PD from all public systems;
2. Order administrative Safe at Home compliance across all Plaintiff's cases without repetitive motions;
3. Enjoin further disclosure;
4. Issue an Order to Show Cause re Preliminary Injunction; and
5. Grant any further relief deemed just and proper.

ECF No. 4 at 4. Plaintiff argues that emergency, *ex parte* relief is warranted because Defendant

3

has "continued to publicly disclose Plaintiff's address, phone number, and identifying information on court-controlled public systems" placing "her at imminent risk of serious bodily harm." *Id.* at 2.

Plaintiff's motion does not adequately show a likelihood of success on the merits, imminent harm, or demonstrate immediate threatened injury. Plaintiff argues that she "repeatedly requested reasonable accommodations," and "Defendant[] failed to engage in the required process and instead imposed procedural barriers that denied Plaintiff meaningful access to the courts." *Id.* 3. The motion, however, does not explain how Plaintiff can demonstrate a likelihood of success on any of her claims. Nor are Plaintiff's claims clear from the face of the complaint. ECF No. 1. Plaintiff appears to allege violations of 42 U.S.C. § 1983, the Fourteenth Amendment, ADA Title II, and California's Safe-at-Home statutes because Defendant "failed to suppress Plaintiff's identifying information" and "den[ied her] meaningful access to the courts." *Id.* at 5. However, the complaint fails to include factual support for these allegations.

Additionally, Plaintiff requests *ex parte* relief, but fails to show the need for a TRO without notice to Defendant. A TRO may issue without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney (or Plaintiff himself in this case, as he proceeds *pro se*) certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Here, Plaintiff has not alleged any specific facts showing that allowing Defendant to weigh in on her claims will result in "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1). Instead, Plaintiff alleges that Defendant "has been on notice for over seven months. Immediate injunctive relief is required to stop ongoing violations and prevent further harm." ECF

4

No. 4 at 10. But this merely states the legal standard and does not actually show that immediate and irreparable injury will occur if the Court does not act before allowing Defendant to be heard, nor does Plaintiff provide any information about her efforts to give notice to Defendant.

Therefore, Plaintiff's motion for a TRO is DENIED.

### B.     Motions for IFP and to Proceed Anonymously

On the same day she filed her complaint and motion for a TRO, Plaintiff filed an application to proceed IFP. ECF No. 3.

In the application to proceed IFP, Plaintiff fails to include sufficient detail to permit evaluation of whether she is unable to pay the filing fees under 28 U.S.C. § 1915. For example, she states that within the past twelve months, she has received money from "rent payments" but does not specify the property or properties on which she collects rent. ECF No. 3 at 2. Instead, Plaintiff states that the source of money is "SSI" and "FSSDI" but fails to state the amount received from each. *Id.* Plaintiff must provide a more coherent and detailed explanation of both her financial status, including whether she owns any rental properties and how much she receives from them, and her financial obligations for the Court to determine if she is entitled to proceed IFP.

Similarly, in her motion to proceed anonymously, Plaintiff provides insufficient details to support her request that she be permitted to prosecute this case under the pseudonym Jane Doe instead of her name. Although she asserts she is a "participant in California's Safe at Home Address Confidentiality Program," she provides no other explanation about why her name should be withheld from court pleadings in this case. ECF No. 4 at 2. In fact, other than informing the Court that she has approximately thirty pending cases in which she is the Plaintiff (all of which she appears to have filed in the Santa Clara Superior Court and animate her current request for a TRO), she has provided no explanation of the underlying state claims, why it is appropriate for her to engage in state court litigation without disclosing her name, and how — if at all — any of those cases are related to her alleged status as a participant in the California Safe at Home program.

Accordingly, the Court DENIES without prejudice Plaintiff's application to proceed IFP and motion to proceed anonymously.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's *ex parte* motion for a TRO is DENIED, and her motions to proceed IFP and anonymously are DENIED without prejudice.

If Plaintiff elects to proceed with this action, she has through **January 21, 2026,** to file another application to proceed IFP. In her renewed motion, Plaintiff must reasonably and truthfully answer all applicable questions, including those that require her to indicate sources of income, expenses, and liabilities. If Plaintiff fails to file a renewed motion to proceed IFP by **January 21, 2026**, the Court will dismiss the action without prejudice. In the alternative, Plaintiff may choose instead to pay the filing fee rather than submit a renewed IFP motion.

As Plaintiff is without representation by a lawyer, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Federal Pro Se Program for free assistance; she can make an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org.

**IT IS SO ORDERED.**

Dated: December 23, 2025

Noël Wise
United States District Judge